Jessica M. **BURDETTE,** Appellant

v.

**COMMONWEALTH of Kentucky,** Appellee

NO. 2014–CA–001909–MR

Court of Appeals of Kentucky.

RENDERED: NOVEMBER 6, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court August 17, 2016

BRIEFS AND ORAL ARGUMENT FOR APPELLANT: Jason A. Hart, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Jeffrey R. Prather, Assistant Attorney General, Frankfort, Kentucky

ORAL ARGUMENT FOR APPELLEE: Jeffrey R. Prather, Assistant Attorney General, Frankfort, Kentucky

BEFORE: MAZE, STUMBO, AND TAYLOR, JUDGES.

## OPINION

TAYLOR, JUDGE:

Jessica M. Burdette brings this appeal from an October 30, 2014, Final Judgment and Sentence of Imprisonment of the Madison Circuit Court upon a conditional guilty plea to the charge of theft by unlawful taking under $500 and promoting contraband in the first degree. We affirm.

On October 3, 2013, Officer Kevin Sharp was called to a department store in Richmond, Kentucky. A loss prevention officer for the store had detained Burdette upon suspicion of shoplifting. The store officer advised Officer Sharp that Burdette had been observed concealing items in her purse and was detained when she attempted to leave the store. Officer Sharp informed Burdette of her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Burdette subsequently admitted to taking numerous items. A search of Burdette's purse revealed several sets of kitchen knives and scissors valued at approximately $318.00. Officer Sharp charged Burdette with theft by unlawful taking under $500 and placed her under arrest.

Burdette was then transported to the Madison County Detention Center, whereupon being searched by a female deputy jailer several items including metal cutters and a flat metal spoon were discovered hidden upon Burdette's person. Discovery of these items led to Burdette being charged with promoting contraband and possession of burglary tools. A Madison County Grand Jury ultimately indicted Burdette upon theft by unlawful taking under $500, promoting contraband in the first degree, and with being a persistent felony offender (PFO) in the second degree.[1]

Burdette subsequently filed a motion to suppress the evidence improperly seized from her purse and her person. Burdette argued that Officer Sharp should have issued a citation rather than arrest her for the misdemeanor charge of shoplifting under $500. Burdette asserts that because the arrest was unlawful, the evidence seized should be suppressed. The circuit court conducted a hearing upon Burdette's motion to suppress and determined that the arrest was lawful pursuant to Kentucky Revised Statutes (KRS) 433.236 and, thus, denied Burdette's motion to suppress.

Pursuant to a plea agreement with the Commonwealth, Burdette entered a conditional guilty plea to theft by unlawful taking under $500 and promoting contraband.[2] Kentucky Rules of Crimi-

---

1. The Madison County Grand Jury declined to indict Jessica M. Burdette upon the charge of possession of burglary of tools.

2. The persistent felony offender charge was dismissed pursuant to the plea agreement.

The conditional guilty plea preserved Burdette's right to appeal the denial of her motion to suppress evidence.

nal Procedure 8.09. The court ultimately sentenced Burdette to one-year imprisonment upon the promoting contraband charge and thirty days upon the misdemeanor charge of theft by unlawful taking under $500. This appeal follows.

Burdette contends that the circuit court erred by denying her motion to suppress evidence seized from her purse at the department store and from her person at the detention center. Burdette claims her arrest was unlawful as KRS 431.015, a recently enacted statute, requires a police officer to issue a citation for a misdemeanor charge, rather than making an arrest. Burdette argues that the circuit court improperly applied KRS 433.236, and thus her arrest was unlawful under KRS 431.015. Therefore, Burdette asserts the evidence seized by reason of her unlawful arrest should have been suppressed.

■ As an appellate court, we review the circuit court's decision upon a motion to suppress evidence initially to determine whether the trial court's findings of fact are supported by substantial evidence of a probative value. Com. v. Neal, 84 S.W.3d 920 (Ky.App.2002). In this case, the material facts are undisputed. Consequently, we conduct a de novo review of the circuit court's application of the law to the facts of this case. Our review proceeds accordingly.

In support of her argument, Burdette relies upon the language of KRS 431.015, "Citations for Misdemeanors ...," which provides, in relevant part:

(1) (a) ... a peace officer shall issue a citation instead of making an arrest for a misdemeanor committed in his or her presence, if there are reasonable grounds to believe that the person being

cited will appear to answer the charge....

Burdette claims KRS 431.015 is the more recently enacted statute and is applicable to her case.[3] Under KRS 431.015, Burdette asserts that Officer Sharp was required to merely issue a citation and not arrest her for the misdemeanor shoplifting charge. Conversely, the Commonwealth argues that KRS 431.015 is a general statute and that KRS 433.236 is more specific as it particularly involves shoplifting offenses. As the more specific statute, the Commonwealth maintains that KRS 433.236 controls, and Officer Sharp properly arrested Burdette. KRS 433.236 provides, in relevant part:

(3) Any peace officer may arrest without warrant any person he has probable cause for believing has committed larceny in retail or wholesale establishments.

■ It is a well-established rule of statutory construction that when two statutes are seemingly in conflict, the more specific statute prevails. Withers v. University of Kentucky, 939 S.W.2d 340 (Ky. 1997) (citations omitted). And, the General Assembly is presumed to have possessed knowledge of the previously existing law when it enacted the more recent statute. Stogner v. Com., 35 S.W.3d 831 (Ky.App.2000). Additionally, the courts must presume that the General Assembly intended for a statute to be construed as a whole and to be harmonized with all related statutes. Shawnee Telecom Res., Inc., v. Brown, 354 S.W.3d 542 (Ky.2011).

In the case sub judice, it is readily apparent that KRS 433.236 is a more specific statute than KRS 431.015. KRS 433.236 "specifically addresses the detention and arrest of persons suspected of shoplifting[.]" Stogner, 35 S.W.3d at 834. By its

---

3. We apply the version of Kentucky Revised Statutes 431.015 as enacted by the General

Assembly in 2011 and which became effective on June 8, 2011.

very language, KRS 433.236(3) applies only to very limited circumstances—"larceny in retail or wholesale establishments." This statute is narrowly tailored to provide an appropriate course of action for an officer to proceed under when there is probable cause to believe that a person has committed larceny in a retail or wholesale store. KRS 431.015, on the other hand, addresses the very general situation of when to issue a citation for a misdemeanor offense that was committed in the officer's presence.

As the more specific statute, we interpret KRS 433.236 as controlling in cases of shoplifting. When an individual has committed larceny in a retail or wholesale store, a police officer may effectuate an arrest of such individual under KRS 433.236. Conversely, we interpret KRS 431.015 as generally applying to other misdemeanor offenses committed in the officer's presence.

Our interpretation of these statutes harmonizes and gives effect to both KRS 431.236 and KRS 431.015, as we believe was intended by the General Assembly. In sum, we conclude that the circuit court properly denied Burdette's motion to suppress the evidence seized from her purse and her person.

For the foregoing reasons, the Final Judgment and Sentence of Imprisonment of the Madison Circuit Court is affirmed.

ALL CONCUR.